DATED:  May 5, 2010
        Buffalo, New York

Yours, etc.

By: _____
    Stephen J. Wallace, Esq.
    STEVEN J. BAUM, P.C.
    Attorneys for Secured Creditor
    Wells Fargo Bank, NA, Successor by Merger to
    Wells Fargo Home Mortgage, Inc.
    Office and Post Address:
    220 Northpointe Parkway, Suite G
    Amherst, NY 14228
    Telephone 716-204-2400

TO:

    MARK D. GORDON                    Pro Se Debtor
    825 Wesley Street
    Baldwin, NY 11510

    RENEE GORDON                      Co-Obligor
    825 Wesley Street
    Baldwin, NY 11510

    MARIANNE DEROSA, ESQ.       Chapter 13 Trustee
    100 Jericho Quadrangle
    Suite 208
    Jericho, NY 11753

    U.S. TRUSTEE                         U.S. Trustee
    560 Federal Plaza
    Room 560
    Central Islip, NY 11722-4437

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

In Re:

MARK D. GORDON

           Debtor.

**APPLICATION**

Case No.: 08-76347-ast
(Chapter 13)

Assigned to:
Hon. ALAN S. TRUST
Bankruptcy Judge

---

    Wells Fargo Bank, NA, successor by merger to Wells Fargo Home Mortgage, Inc. ("Secured Creditor"), by its attorneys Steven J. Baum, P.C., moves to terminate the automatic stay in this case with respect to the real property commonly known as 825 Wesley Street, Baldwin, NY 11510 and states as follows:

    1. Secured Creditor is the holder of a Consolidation, Extension, and Modification Agreement dated the 28th day of May, 2003 in the amount of $225,000.00 secured by the premises commonly known as 825 Wesley Street, Baldwin, NY 11510 (the "Mortgaged Premises"). A copy of the Consolidated Note, Consolidated Mortgage, Consolidation, Extension, and Modification Agreement, and Merger Documentation is attached hereto as **Exhibit 'A'**.

    2. On the 12th day of November, 2008 Debtor Mark D. Gordon filed a Petition under Chapter 13 of Title 11 U.S.C. §101 <u>et seq</u> with this Court, and an Order for relief was duly entered.

    3. The Consolidated Note and Consolidated Mortgage provide that the Debtor will be in default if he does not make full monthly payments on each due date. As of the 4th day of May, 2010, the Debtor is due for 2 post-petition payments in the amount of $2,125.59 which represents the payments due the 1st day of March, 2010 through April, 2010 and has not cured said default. In addition, 1 payment due on the 1st day of May, 2010 is now due and remains unpaid as of the date of this application. Furthermore, 1 payment due the 1st day of June, 2010 will be due at the date this motion is heard. A Motion for Relief from Stay Worksheet is attached hereto as **Exhibit 'B'**.

4. Through the 27th day of May 2010 the total amount owing the Secured Creditor is $209,277.24. Interest on the unpaid principal balance will continue to accrue, and to protect its security in the Mortgaged Premises Secured Creditor may be required to make further advances for property taxes, insurance and related matters.

5. Based on the Broker's Price Opinion attached hereto as **Exhibit 'C'**, said real property is valued at $360,000.00, and as set forth above the Secured Creditor's lien is estimated at $209,277.24 through May 27, 2010.

6. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property..." As set forth above, "cause" exists to vacate the automatic stay as the Debtor has failed to make monthly post-petition mortgage payments to Secured Creditor. Under Section 362(d)(1), failure to make post-petition mortgage payments constitutes "cause" to modify the automatic stay. See, In re Taylor, 151 B.R. 646 (E.D.N.Y.1993); In re Davis, 64 B.R. 358, 359 (Bankr. S.D.N.Y. 1986); In re Frascatore, 33 B.R. 687 (B. Ct. E.D. Pa. 1983).

7. There exists a co-obligor named Renee Gordon on the underlying obligation to the Secured Creditor. Pursuant to 11 U.S.C. §1301(c), the Secured Creditor hereby respectfully requests relief from co-debtor stay as expressed in 11 U.S.C. §1301(a) to the extent it applies to the co-obligor. In support of said request, it is respectfully submitted that the co-obligor received consideration for the claim held by the secured creditor at least in the form of money loaned by the Secured Creditor. Furthermore, it is respectfully submitted that the continuation of the co-debtor stay would irreparably harm the Secured Creditor in the absence of post-petition mortgage payments.

8.  A copy of a proposed Order granting the relief sought by Secured Creditor is annexed hereto as **Exhibit 'D'**.

9.  No prior application has been made for the relief requested herein.

**WHEREFORE**, Secured Creditor respectfully requests that an Order be granted terminating the automatic stay immediately as to Secured Creditor's interest in the Mortgaged Premises, and terminating the automatic stay with respect to the co-Debtor pursuant to 11 U.S.C. §1301(c), together with such other, further and different relief as the Court may deem just in this matter.

DATED:   May 5, 2010
           Buffalo, New York

Yours, etc.

By: _____
Stephen J. Wallace, Esq.
STEVEN J. BAUM, P.C.
Attorneys for Secured Creditor
Wells Fargo Bank, NA, successor by merger to
Wells Fargo Home Mortgage, Inc.
Office and Post Address:
220 Northpointe Parkway, Suite G
Amherst, NY 14228
Telephone 716-204-2400